```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

HARRY MENDOZA                                CIVIL ACTION

VERSUS                                       NO. 06-3040

THE CITY OF NEW ORLEANS, ET AL.              SECTION "R"(2)


                         ORDER AND REASONS

    Before the Court is the plaintiff's motion to remand this case for lack of subject matter jurisdiction. Also before the Court is the defendants' motion for partial judgment on the pleadings. For the following reasons, the plaintiff's motion is DENIED and the defendants' motion is GRANTED.


I. BACKGROUND

    Harry P. Mendoza is a former Captain in the New Orleans Police Department (NOPD). In March 2006, New Orleans Police Superintendent Warren Riley allegedly received an anonymous letter accusing Mendoza of not keeping regular hours, working

private details on city time, and overcharging for details. Prompted by the allegations in the letter, Riley allegedly ordered a criminal investigation into Mendoza's activities.

The investigation included surveillance of Mendoza while he was on duty.  On April 25, 2006, investigators from NOPD appeared at the offices of the Traffic Unit, which was under Mendoza's leadership.  The investigators allegedly searched and seized the contents of a briefcase belonging to Mendoza.  Shortly thereafter, Mendoza appeared at the Public Integrity Bureau for questioning.  After Mendoza refused to answer some questions that he viewed as violating his right to privacy, Deputy Chief Marlon Defillo allegedly ordered Mendoza to provide personal information to the interrogators.  On the afternoon of April 25, 2006, Lt. Michael Harrison informed Mendoza that he was relieved of his command of the Traffic Division and that he would not be permitted to work any paid details.

The NOPD allegedly notified media outlets of the investigation and reassignment.  Mendoza alleges that Riley made public statements about the investigation.  Mendoza contends that his personal and professional reputation were harmed when Riley made a false public statement about the investigation.

On May 11, 2006, Mendoza sued the City of New Orleans, New Orleans Mayor C. Ray Nagin, the NOPD, Police Superintendent

Warren Riley, Deputy Chief Marlon Defillo, Lt. Michael Harrison, and Lt. Bruce Adams in Civil District Court for Orleans Parish, Louisiana. On June 13, 2006, the defendants removed the case to this Court. On July 27, 2006, Mendoza moved to remand the case, arguing that this Court lacks subject matter jurisdiction because the state court petition does not contain claims that would support federal question subject matter jurisdiction. On August 21, 2006, the defendants moved for partial judgment on the pleadings under Fed. R. Civ. P. 12(c), arguing that Mendoza failed to state a claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*.

## II.   SUBJECT MATTER JURISDICTION

### A.   Legal Standard – Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.

*See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### B.   Legal Standard – Federal Question Jurisdiction

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). This means that the federal question must appear on the face of the complaint. *See Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Because defendants may remove a case to federal court only if the plaintiffs could have brought the action in federal court from the outset, "the question for removal jurisdiction must also be

determined by reference to the 'well-pleaded complaint.'" *Merrell Dow*, 478 U.S. at 808 (citation omitted).

### C. Discussion

Defendants argue two bases for federal question jurisdiction based on Mendoza's petition. First, defendants argue that Mendoza alleges a claim under the FLSA. Second, defendants argue that Mendoza alleges a claim for violation of his right against unreasonable search and seizure provided by the United States Constitution. *See* U.S. Const. amend. IV & XIV. The Court finds that Mendoza has asserted a claim under the United States Constitution, which invests the Court with federal question jurisdiction. Because Mendoza expressly alleged that he was an "exempt" employee under the FLSA and makes no claim for FLSA remedies, the Court finds that he has not asserted a federal claim under the FLSA. Hence, the Court rejects the defendants' argument that the FLSA provides a basis for federal question jurisdiction.

In order to state a claim against the defendants for violation of the Fourth Amendment, as applied to the states by the Fourteenth Amendment, Mendoza must proceed under 42 U.S.C. § 1983. Under Section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the

United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *See Moore v. Willis Independent School Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).  Mendoza's petition contains the following allegation:

> [I]nvestigators of the Public Integrity Bureau seized and subsequently searched a briefcase which belonged to Captain Mendoza.  The contents of the briefcase were personal in nature, and not subject to seizure based on any investigation into Captain Mendoza's conduct or the facts and circumstances which surrounded it.  Nevertheless, in clear violation of Captain Mendoza's constitutional rights protecting against unreasonable search and seizure, this bag was seized and searched.

(R. Doc. 1-2 at ¶ 36).  Mendoza further avers that "[t]he actions and conduct of the defendants [] was malicious and reckless, and displayed an intentional disregard of the petitioners [sic] civil rights and privileges under both the Constitutions of the State of Louisiana and the United States of America."  *Id.* at ¶ 45.

It is clear from the face of the petition that Mendoza has alleged the violation of a constitutional right – namely, the right against unreasonable searches and seizures.  *See* U.S. Const. amend. IV & XIV.  Mendoza alleges a violation of a constitutional right against search and seizure and later states that the defendants' conduct was in violation of both the Louisiana and United States constitutions.  It is further clear

that Mendoza alleges that the constitutional violation was committed by persons acting under color of state law.  The investigators who seized and searched Mendoza's briefcase did so as part of an official investigation into allegations against Mendoza.  The Court therefore finds that Mendoza has stated a claim under Section 1983.  Because Mendoza has stated a claim under a law of the United States, this Court has federal question jurisdiction over Mendoza's claim under Section 1983.

### D. Supplemental Jurisdiction

Although Mendoza states a claim under the United States Constitution, he also states various claims under state law.  Because the Court has original jurisdiction over the Section 1983 claim, it may exercise supplemental jurisdiction over the state law claims if the "claims . . . are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Usually, this means that each separate claim "must derive from a common nucleus of operative facts and [be] such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).  In this case, the Court finds that the state law claims against the defendant arise out of the same common nucleus of

7

operative facts as Mendoza's claim under Section 1983. Accordingly, the Court will exercise supplemental jurisdiction over Mendoza's state law claims.

## III.  JUDGMENT ON THE PLEADINGS

Because the Court finds that Mendoza's well-pleaded complaint does not assert a claim under the FLSA, the defendants' motion for judgment on the pleadings to dismiss Mendoza's FLSA "claims" must be denied.

## IV. CONCLUSION

For the foregoing reasons the Court DENIES the plaintiff's motion to remand and DENIES the defendants' motion for judgment on the pleadings.

New Orleans, Louisiana, this 19th day of December, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE