```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


HARRY MENDOZA                              CIVIL ACTION

VERSUS                                     NO: 06-3040 c/w
                                           07-545

THE CITY OF NEW ORLEANS, ET                SECTION: "R"(2)
AL.
```

### ORDER AND REASONS

Before the Court is defendants' objection to the magistrate judge's order granting plaintiff's motion for leave to file his First Supplemental and Amended Complaint. For the following reasons, the Court AFFIRMS the magistrate judge's ruling.

### I. BACKGROUND

Harry P. Mendoza is a former Captain in the New Orleans Police Department. In March 2006, New Orleans Police Superintendent Warren Riley allegedly received an anonymous letter accusing Mendoza of not keeping regular hours, working private details on city time, and overcharging for details. Prompted by the allegations in the letter, Riley allegedly ordered a criminal investigation into Mendoza's activities.

The investigation included surveillance of Mendoza while he was on duty.  On April 25, 2006, investigators from NOPD appeared at the offices of the Traffic Unit, which was under Mendoza's leadership.  The investigators allegedly searched and seized the contents of a briefcase belonging to Mendoza.  Shortly thereafter, Mendoza appeared at the Public Integrity Bureau for questioning.  After Mendoza refused to answer some questions that he viewed as violating his right to privacy, Deputy Chief Marlon Defillo allegedly ordered Mendoza to provide personal information to the interrogators.  On the afternoon of April 25, 2006, Lt. Michael Harrison informed Mendoza that he was relieved of his command of the Traffic Division and that he would not be permitted to work any paid details.

The NOPD allegedly notified media outlets of the investigation and reassignment.  Mendoza alleges that Riley made public statements about the investigation.  Mendoza contends that his personal and professional reputation were harmed when Riley made a false public statement about the investigation.

On May 11, 2006, Mendoza sued the City of New Orleans, New Orleans Mayor C. Ray Nagin, the NOPD, Police Superintendent Warren Riley, Deputy Chief Marlon Defillo, Lt. Michael Harrison, and Lt. Bruce Adams in Civil District Court for Orleans Parish, Louisiana.  On June 13, 2006, the defendants removed the case to

this Court, arguing that Mendoza alleged claims under the Fair Labor Standards Act and the Fourth Amendment of the United States Constitution.  On July 27, 2006, Mendoza moved to remand the case, arguing that this Court lacks subject matter jurisdiction because the state court petition does not contain claims that would support federal question subject matter jurisdiction.  On August 21, 2006, the defendants moved for partial judgment on the pleadings under Fed. R. Civ. P. 12(c), arguing that Mendoza failed to state a claim under the FLSA, 29 U.S.C. § 201, *et seq.*.  On December 19, 2006, this Court denied plaintiff's motion to remand, finding that he had asserted a claim under the United States Constitution, namely a violation of his right against unreasonable searches and seizures, thus investing the Court with federal question jurisdiction under 28 U.S.C. § 1331.  *Mendoza v. City of New Orleans*, 2006 WL 3791311, at *2-3 (E.D. La. Dec. 19, 2006).  The Court also concluded that Mendoza's complaint did not assert a claim under the FLSA, and therefore denied defendants' motion for judgment on the pleadings to dismiss those claims.  *Id.* at *3.

   On January 30, 2007, less than a month before this case was originally scheduled to go to trial, plaintiff filed a new complaint against the City of New Orleans and the New Orleans Police Department alleging that defendants violated the FLSA by

failing to pay him overtime wages for hours worked in excess of forty hours per week.  The FLSA cause of action, which plaintiff admits was brought "in the alternative because the actions and positions" of the defendants "are inconsistent with plaintiff's exempt status," was docketed as Civil Action No. 07-545.  (*See* Civ. Docket No. 07-545, R. Doc. 1).  On February 15, 2007, the Court, upon learning of the new FLSA claim, which arises from the same set of facts alleged in Civil Action No. 06-3040, ordered that the two related actions be consolidated and continued the trial in this matter until May 29, 2007.  The Court noted that "the parties agree that this new claim may require further discovery and preparation . . . ."  (Civ. Docket No. 06-3040, R. Doc. 22).  The Court also issued a revised Scheduling Order at that time, setting forth deadlines for the filing of new pleadings, the exchange of expert reports, the exchange of witness and exhibit lists, and the filing of pretrial motions.  (*Id.*).

On February 27, 2007, one day before the Court's new deadline for the filing of revised pleadings, plaintiff sought leave to file his First Supplemental and Amended Complaint, in which he adds two new defendants, a request for trial by jury, and additional allegations regarding his claims under 42 U.S.C. § 1983.  (R. Doc. 25).  On March 16, 2007, the magistrate judge

4

granted plaintiff's motion, permitting plaintiff to amend his complaint.  Defendants now appeal the magistrate judge's decision.

## II.   ANALYSIS

### A.   Applicable Law

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings.  Plaintiff may amend his complaint once as a matter of right before any responsive pleading has been filed.  *See* FED. R. CIV. P. 15(a).  Thereafter, as here, subsequent amendments are permitted only with leave of the trial judge.  *See id*.  Rule 15(a) states that leave to amend shall be freely given when justice so requires.  *See id*.  In other words, the motion should not be denied unless there is a substantial reason to do so.  *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).  However, leave to amend is not granted automatically.  *See Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981).  The decision whether to grant leave to amend lies within the discretion of the court.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  In exercising its discretion, the court considers such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.  See id.

**B.   Plaintiff's Amended Complaint**

Defendants object to the magistrate judge's order granting plaintiff leave to file his amended complaint because they contend that the amendment was a product of bad faith, dilatory motive or undue delay, and that permitting the amendment will result in undue prejudice to the defendants.  The Court finds otherwise.

As noted above, plaintiff sought leave to file his amended complaint on February 27, 2007, which was before the Court's revised deadline for filing amended pleadings in this matter.  Thus, it cannot be said that plaintiff's motion was a product of bad faith, dilatory motive or undue delay when plaintiff satisfied the deadline set forth in the Court's new Scheduling Order.

Furthermore, plaintiff's amended complaint will not cause undue prejudice for defendants.  As the magistrate judge correctly concluded, "the amendment appears to be nothing more than a recapitulation and explication of what has been previously set out and understood about the case."  (R. Doc. 30, at 2).

First, the two new defendants named in plaintiff's amended complaint, Lawrence Jones and Joseph Miestrovich, were

specifically mentioned in the original complaint.  The allegations against them in the amended complaint arise from the same set of facts pleaded in the original complaint.  Moreover, both individuals were listed as fact witnesses as far back as December 29, 2006, when defendants filed their witness list in anticipation of a February 26, 2007 trial date.  (R. Doc. 17). Their involvement in this case has been clear from the beginning. In addition, the magistrate judge noted, and defendants do not contest, that the newly named defendants will apparently be represented by the same counsel as the original defendants.

Second, plaintiff's new claims under Section 1983, which arise from the alleged illegal search and seizure of plaintiff's possessions, are certainly not prejudicial to defendants as they correspond to the basis on which defendants removed this case to federal court and the Court denied plaintiff's motion to remand. In defendants' Notice of Removal filed on June 13, 2006, they contend that federal jurisdiction is appropriate because the action arises under Section 1983.  (R. Doc. 1, at 2).  This argument was reiterated in defendants' opposition to plaintiff's motion to remand.  (R. Doc. 8, at 3).  It would strain credulity to conclude now that permitting plaintiff's amended allegations as to his claims under Section 1983 will prejudice defendants' ability to prepare for trial.

The Court therefore finds that permitting plaintiff to file his First Supplemental and Amended Complaint is appropriate under Rule 15 and affirms the magistrate judge's order.

### III. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the magistrate judge's ruling granting plaintiff's motion for leave to file First Supplemental and Amended Complaint.

New Orleans, Louisiana, this <u>26th</u> day of April, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT