```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


HARRY MENDOZA                              CIVIL ACTION

VERSUS                                     NO: 06-3040 c/w
                                           07-545

THE CITY OF NEW ORLEANS, ET                SECTION: "R"(2)
AL.
```

## ORDER AND REASONS

Before the Court is defendant City of New Orleans' motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure as to plaintiff's claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, in Civil Action No. 07-545. For the following reasons, the Court GRANTS the motion.

**I. BACKGROUND**

Harry P. Mendoza is a former Captain in the New Orleans Police Department who, before he was terminated in July 2006, had been employed with NOPD for more than thirty years. The circumstances surrounding Mendoza's termination form the basis of this litigation.

In March 2006, New Orleans Police Superintendent Warren

Riley allegedly received an anonymous letter accusing Mendoza of not keeping regular hours, working private details on city time, and overcharging for details. Prompted by the allegations in the letter, Riley allegedly ordered a criminal investigation into Mendoza's activities. The investigation included surveillance of Mendoza while he was on duty. On April 25, 2006, investigators from NOPD appeared at the offices of the Traffic Unit, which was under Mendoza's leadership. The investigators allegedly searched and seized the contents of a briefcase belonging to Mendoza. Shortly thereafter, Mendoza appeared at the Public Integrity Bureau for questioning. After Mendoza refused to answer some questions that he viewed as violating his right to privacy, Deputy Chief Marlon Defillo allegedly ordered Mendoza to provide personal information to the interrogators. On the afternoon of April 25, 2006, Lt. Michael Harrison informed Mendoza that he was relieved of his command of the Traffic Division and that he would not be permitted to work any paid details.

   The NOPD allegedly notified media outlets of the investigation and reassignment. Mendoza alleges that Riley made public statements about the investigation. Mendoza contends that his personal and professional reputation were harmed when Riley made a false public statement about the investigation. As a result of the NOPD investigation, Mendoza was ultimately demoted

from the rank of Captain to Lieutenant and then terminated.

On May 11, 2006, Mendoza sued the City of New Orleans, New Orleans Mayor C. Ray Nagin, the NOPD, Police Superintendent Warren Riley, Deputy Chief Marlon Defillo, Lt. Michael Harrison, and Lt. Bruce Adams in Civil District Court for Orleans Parish, Louisiana.  On June 13, 2006, the defendants removed the case to this Court, arguing that Mendoza alleged claims under the Fair Labor Standards Act and the Fourth Amendment of the United States Constitution.  On July 27, 2006, Mendoza moved to remand the case, arguing that this Court lacks subject matter jurisdiction because the state court petition does not contain claims that would support federal question subject matter jurisdiction.  On August 21, 2006, the defendants moved for partial judgment on the pleadings under Fed. R. Civ. P. 12(c), arguing that Mendoza failed to state a claim under the FLSA.  On December 19, 2006, this Court denied plaintiff's motion to remand, finding that he had asserted a claim under the United States Constitution, namely a violation of his right against unreasonable searches and seizures, thus investing the Court with federal question jurisdiction under 28 U.S.C. § 1331.  *Mendoza v. City of New Orleans*, 2006 WL 3791311, at *2-3 (E.D. La. Dec. 19, 2006).  The Court also concluded that Mendoza's complaint did not assert a claim under the FLSA, and therefore denied defendants' motion for

judgment on the pleadings to dismiss those claims. *Id.* at *3.

On January 30, 2007, less than a month before this case was originally scheduled to go to trial, plaintiff filed a new complaint against the City of New Orleans and NOPD alleging that defendants violated the FLSA by failing to pay him overtime wages for hours worked in excess of forty hours per week. The FLSA cause of action, which plaintiff admits was brought "in the alternative because the actions and positions" of the defendants "are inconsistent with plaintiff's exempt status," was docketed as Civil Action No. 07-545. (*See* Civ. Docket No. 07-545, R. Doc. 1). On February 15, 2007, the Court, upon learning of the new FLSA claim, which arises from the same set of facts alleged in Civil Action No. 06-3040, ordered that the two related actions be consolidated and continued the trial in this matter until May 29, 2007. The Court noted that "the parties agree that this new claim may require further discovery and preparation . . . ." (Civ. Docket No. 06-3040, R. Doc. 22). The Court also issued a revised Scheduling Order at that time, setting forth deadlines for the filing of new pleadings, the exchange of expert reports, the exchange of witness and exhibit lists, and the filing of pretrial motions. (*Id.*).

Defendants now move for summary judgment under Rule 56 as to plaintiff's FLSA claim asserted in Civil Action No. 07-545.

4

Defendants contend that Mendoza's demotion and termination as a result of their investigation did not run afoul of the FLSA's provisions pertaining to "exempt" employees.  Plaintiff opposes the motion, arguing that Mendoza was disciplined because of the quantity of his work and thus was treated as if he were a "non-exempt" employee under the FLSA.  The Court rules as follows.

**II.   LEGAL STANDARD**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in

the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial.  *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

    **A.   Defendants' Standing**

As an initial matter, plaintiff contends that defendants do not have standing to bring their summary judgment motion.  When defendants initially filed this motion, it was brought on behalf of defendants Nagin, Riley, DeFillo, Adams and Harrison.  (R. Doc. 71).  As plaintiff points out, these particular defendants were not named in Civil Action No. 07-545.  Rather, plaintiff brought his FLSA claim against the City of New Orleans and NOPD.  However, on April 26, 2007, after plaintiff filed his opposition to defendants' summary judgment motion, defendants moved to substitute the City of New Orleans for the above-listed individuals as the party bringing the summary judgment motion.

(R. Doc. 82). The granted the motion to amend on April 30, 2007. (R. Doc. 85). Because the City of New Orleans is the proper movant here, plaintiff's standing objection is now moot.

### B. Pending Discovery

Plaintiff next contends that it is premature for the Court to rule on this motion for summary judgment because plaintiff has outstanding discovery requests under Rule 34 of the Federal Rules of Civil Procedure that are supposed to be complied with by May 11, 2007, which was one day after the Court heard oral argument on defendant's motion. (*See* R. Doc. 77). The district court does not grant continuances pursuant to Rule 56(f) of the Federal Rules of Civil Procedure as a matter of course. "The nonmoving party must show how the additional discovery will defeat the summary judgment motion, that is, will create a genuine dispute as to a material fact, and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Allen v. United States Postal Service*, 1997 WL 587761, *2 (E.D. La. 1997) (citing *International Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).

Plaintiff has not shown the Court how this additional discovery will defeat a summary judgment motion on the FLSA claim. While the Court understands that it is plaintiff's desire to uncover documents that suggest he can prove a claim under the

7

FLSA, the Court need not further delay adjudication of the propriety of plaintiff's FLSA claim on the basis of this vague assertion as to the potential for future relevant discovery. Moreover, during oral argument, plaintiff did not suggest to the Court that this motion was not ripe for adjudication. The Court also notes that it indulged plaintiff by continuing the February 2007 trial date and allowing plaintiff to consolidate his FLSA claim with those he had already asserted in a timely fashion.[1] Given the substantial amount of evidence that both parties have presented to the Court through this motion, the Court finds it appropriate to take up the merits of defendant's motion at this time.

C.  **Merits of the Summary Judgment Motion**

Mendoza asserts a claim under the FLSA for the failure of

---

[1] Further, the Court notes that on February 27, 2007, one day before the Court's new deadline for the filing of revised pleadings, plaintiff sought leave to file his First Supplemental and Amended Complaint, in which he added two new defendants, a request for trial by jury, and additional allegations regarding his claims under 42 U.S.C. § 1983. (R. Doc. 25). The magistrate judge granted plaintiff's motion on March 16, 2007, a decision which this Court affirmed on April 26, 2007. (R. Doc. 83). Plaintiff then filed another complaint on April 24, 2007, Civil Action No. 07-2231, against many of the same defendants. This 23-page complaint states claims under 42 U.S.C. § 1983 for alleged violations of the First, Fourth, and Fourteenth Amendments arising out of virtually the same set of facts already alleged in Civil Action No. 06-3040. (*See* Civil Action No. 07-2231, R. Doc. 1). In light of these new claims, the Court granted a second continuance of the trial in this matter.

his employer, the City of New Orleans, to pay him overtime wages for hours worked in excess of the forty hours per week.  While maintaining throughout this litigation that, as a Captain in NOPD, he was an exempt employee under the FLSA, Mendoza now brings his claim for overtime wages "in the alternative" because he alleges that he was subject to disciplinary actions as if he were a nonexempt employee under the FLSA.  The Court finds this claim wholly without merit, as Mendoza relies on a hypothetical, not grounded in fact, to support his claim for overtime wages.  Rather, the statute, applicable case law, and undisputed facts of this case foreclose plaintiff's argument.

The FLSA mandates that employers must pay overtime compensation to employees who work more than forty hours in a regular workweek at a rate not less than one and one-half times the regular rate at which they are employed.  29 U.S.C. § 207.  However, the FLSA exempts from its overtime requirements "any employee employed in a bona fide executive, administrative, or professional capacity . . . ."  29 U.S.C. § 213(a)(1).  Under regulations promulgated by the Secretary of Labor, an employee must have primarily managerial or supervisory duties in order to be exempt.  29 C.F.R. § 541; *see also Cowart v. Ingalls Shipbuilding, Inc.*, 213 F.3d 261, 264 (5th Cir. 2000).  "To qualify as an exempt executive, administrative or professional

9

employee . . . an employee must be compensated on a salary basis at a rate of not less than $455 per week . . . ." 29 C.F.R. § 541.600. Under the regulations, "an employee is considered to be paid on a 'salary basis' if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602.

It is undisputed here that Mendoza, in his position as Captain in NOPD, satisfied all the requirements to be considered an exempt employee of the FLSA. As plaintiff acknowledges in his FLSA complaint:

> In the Mendoza Claims [Civil Action No. 06-3040] Plaintiff has taken the position that his demotion and firing were illegal and improper because as a Police Captain he is an exempt employee as described by the FLSA. He maintains that claim in both proceedings and brings the instant lawsuit in the alternative because the actions and positions taken by New Orleans in the Mendoza Claims are inconsistent with Plaintiff's exempt status.

(Civ. Action No. 07-545, R. Doc. 1, at ¶ XI). Moreover, the defendants in Civil Action No. 06-3040 moved to dismiss plaintiff's FLSA claims in August 2006 under Rule 12(c) on the basis that both parties agreed that Mendoza was an exempt employee under the FLSA during the relevant time period. (Civ.

Action No. 06-3040, R. Doc. 9, at 3-4).  This Court denied the motion to dismiss because "Mendoza expressly alleged that he was an 'exempt' employee under the FLSA and makes no claim for FLSA remedies . . . ."  *Mendoza*, 2006 WL 3791311, at *2-3.  Since that time, plaintiff has not presented the Court with any evidence that indicates the City classified Mendoza as anything other than an exempt employee.

Rather, it is plaintiff's contention that he has a claim under the FLSA for overtime pay because the manner in which he was disciplined after NOPD's three-week surveillance and investigation of his on-duty activities evinces its intent to treat plaintiff as a non-exempt employee.  Accordingly, plaintiff asserts he should be compensated as one.  This argument fails because plaintiff has not submitted any evidence that supports his argument that NOPD's conduct reflects that he was not considered an exempt employee.

In *Auer v. Robbins*, the Supreme Court held that when employees are covered by a policy that allows deductions in pay for disciplinary reasons or other deductions in pay as a practical matter, that person cannot be considered an exempt employee under the "salary-basis" test.  519 U.S. 452, 461 (1997).  In doing so, the Supreme Court affirmed the Secretary of Labor's finding that this standard is met "if there is either an

11

actual practice of making such deductions or an employment policy that creates a 'significant likelihood' of such deductions." *Id.* The Supreme Court further endorsed the view "that employees whose pay is adjusted for disciplinary reasons do not deserve exempt status because as a general matter true 'executive, administrative, or professional' employees are not 'disciplined' by piecemeal deductions from their pay, but are *terminated, demoted, or given restricted assignments*." *Id.* at 456 (emphasis added).

Here, plaintiff does not allege in his complaint that NOPD deducted his pay for the quantity of work that he performed during the relevant three-week period. The discipline to which he refers in his complaint is his demotion and termination. In his opposition to defendant's summary judgment motion, plaintiff submits an affidavit in which he reiterates that the only discipline he received as a result of NOPD's investigation was his demotion and termination. (R. Doc. 80-6). Under *Auer*, demotions and terminations based on quality or quantity of work are insufficient to render an employee nonexempt under the FLSA. Mendoza's claim in his affidavit that he did sustain a deduction in pay as a result of NOPD's disciplinary actions does not save his FLSA claim. As he acknowledges, the deduction in pay was simply a result of his demotion from Captain to Lieutenant, which

12

reduced his severance pay from NOPD by approximately twenty percent. (*Id.*).  The Court is of the view that the Supreme Court was well aware that demotions and terminations would be more likely than not to result in pay reductions when it nevertheless endorsed the Secretary's view that "executive, administrative, or professional" employees could be demoted or terminated while still maintaining their exempt status.  Thus, this deduction in pay is not of the type that would jeopardize Mendoza's exempt status under *Auer*, which specifically addressed "piecemeal deductions" for disciplinary infractions, not demotions or terminations.

Moreover, plaintiff's reliance on the so-called Memorandum No. 413 for the proposition that an exempt employee cannot be demoted or terminated for poor work performance is misplaced. That document states, in relevant part:

> Effective with the payroll period beginning July 22, 1990, the use of RAMS time cards will be discontinued for all classified personnel whose classifications remain exempt (EAP).  The list of these classifications is attached.[2]
>
> The use of annual and sick leave for EAP employees shall not be reported for portions of less than one day.  Whole day sick and annual leave usage shall be reported by submitting a RAMS P5 form to the Bureau

---

[2] Police Captain is listed in the attachment to Memorandum No. 413 as an "Executive, Administrative and Professional" position.

13

>       of Accounting, Department of Finance, at the same
>       time that RAMS time cards are submitted for non-
>       exempt employees.

(R. Doc. 80-3).  Plaintiff essentially contends that he is immune from disciplinary action in this situation because, under Memorandum No. 413, he was permitted as an exempt employee to work less than a full day without having to report his absences. However, as the Fifth Circuit held in *Cowart*, exempt employees, even if permitted to take absences of less than one day without corresponding reductions in pay, can still be required to make up missed work.  213 F.3d at 264-66 (upholding under the FLSA employer's rule that permitted pay deductions for exempt employees if they missed eight consecutive hours of work across one or two days).  The jurisprudence in this Circuit therefore does not support such a broad view of an exempt employee's responsibilities under the FLSA as that advanced by plaintiff here.

In addition, *Cowart* requires employees bringing a claim under the FLSA for overtime compensation "to demonstrate that their salaries were actually 'subject to' such deductions in order to defeat their exempt status."  *Id.* at 266.  Here, plaintiff does not allege that NOPD reduced his pay in light of the surveillance and investigation at issue, other than the deduction that resulted from his demotion.  While he alleges in

14

his complaint that he and other Captains have been subject to "discipline up to and including termination for reasons inconsistent with exempt status as defined in the FLSA," plaintiff provides no factual support for this allegation other than a portion of the New Orleans Police Department Operations Manual, which includes a chart detailing possible disciplinary action for failure to comply with NOPD's "Devoting Entire Time to Duty" Rule.  (R. Doc. 80-7).  The Supreme Court in *Auer* rejected an almost identical argument.  There, plaintiffs, who were sergeants and a lieutenant in the St. Louis Police Department, argued that they were nonexempt employees under the FLSA because they were subject to an employment policy that authorized reductions in their compensation for a variety of disciplinary infractions related to the quality or quantity of work performed.  519 U.S. at 455.  Plaintiffs relied on a section of the police department's policy manual that listed possible rule violations and their attendant penalties, including disciplinary deductions in pay.  *Id.* at 461-62.  The Secretary of Labor determined that this was "not enough to render petitioners' pay 'subject to' disciplinary deductions within the meaning of the salary-basis test . . . because the manual does not 'effectively communicate' that pay deductions are an anticipated form of punishment for employees *in petitioners' category*, since it is perfectly

possible to give full effect to every aspect of the manual without drawing any inference of that sort." *Id.* at 462 (emphasis in original). As the Supreme Court stated in upholding the Secretary's determination, "[n]o clear inference can be drawn as to the likelihood of a sanction's being applied to employees such as petitioners." *Id.* The same holds true here, where plaintiff has not established beyond his conclusory allegation that this portion of the manual applies to Captains.

Ultimately, Mendoza has not shown that defendant violated the "salary-basis" test by improperly deducting Mendoza's pay for disciplinary reasons. Rather, as both parties agree, defendant demoted and terminated Mendoza. Under the Supreme Court's decision in *Auer*, these actions are permitted for employees, such as Mendoza, who hold positions that are "executive, administrative, or professional" in nature without affecting their exempt status. Thus, summary judgment in favor of the defendant is appropriate as to Mendoza's claim under the FLSA. This ruling does not address any of Mendoza's other claims currently pending before the Court in Civil Actions No. 06-3040 and 07-2231.

**IV.  CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's

16

motion for summary judgment as to plaintiff's FLSA claim in Civil Action No. 07-545.

New Orleans, Louisiana, this  24th  day of May, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT