UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HARRY MENDOZA                                CIVIL ACTION

VERSUS                                       NO: 06-3040 c/w
                                             07-2231

THE CITY OF NEW ORLEANS, ET                  SECTION: "R"(2)
AL.

## ORDER AND REASONS

Before the Court is plaintiff's objection to the magistrate judge's order as to plaintiff's discovery requests. For the following reasons, the Court AFFIRMS the magistrate judge's ruling as to Request for Production Nos. 1-5, 8, 12, and 13 from the City of New Orleans and Request for Production No. 1 from Police Superintendent Warren Riley. However, the Court REMANDS this matter to the magistrate judge for a clarification as to Request for Production No. 14 from the City of New Orleans and a determination as to Request for Production No. 16 from the City of New Orleans.

## I. BACKGROUND

The facts of this case have been set forth in greater detail

in previous Orders issued by this Court.  *See Mendoza v. City of New Orleans*, 2007 WL 1550963 (E.D. La. May 24, 2007); *Mendoza v. City of New Orleans*, 2006 WL 3791311 (E.D. La. Dec. 19, 2006). For purposes of this motion, the relevant facts are as follows. On January 30, 2007, plaintiff filed a complaint against the City of New Orleans and the New Orleans Police Department alleging that defendants violated the FLSA by failing to pay him overtime wages for hours worked in excess of forty hours per week.  The FLSA cause of action, which plaintiff admitted was brought "in the alternative because the actions and positions" of the defendants "are inconsistent with plaintiff's exempt status," was docketed as Civil Action No. 07-545.  (*See* Civ. Docket No. 07-545, R. Doc. 1).  On February 15, 2007, the Court, upon learning of the FLSA claim, which arises from the same set of facts as those alleged in Civil Action No. 06-3040, ordered that the two related actions be consolidated.  The Court noted that "the parties agree that this new claim may require further discovery and preparation . . . ."  (Civ. Docket No. 06-3040, R. Doc. 22). On March 22, 2007, defendants moved to quash subpoenas served on the City of New Orleans, the New Orleans Police Department, and Superintendent Riley requesting the production of various documents.  On April 18, 2007, the magistrate judge issued an order granting in part and denying in part defendants' motion to

quash.  Plaintiff now appeals the magistrate judge's decision as to Requests for Production Nos. 1-5, 8, 12-14, and 16 from the City of New Orleans Request for Production No. 1 from Superintendent Riley.  In the meantime, the Court granted the City's motion for summary judgment as to plaintiff's claim under the FLSA, thereby dismissing Civil Action No. 07-545.  *See Mendoza*, 2007 WL 1550963.

**II.   ANALYSIS**

   **A.   Applicable Law**

A magistrate judge may hear and determine any pretrial matter pending before a district court.  28 U.S.C. § 636(b)(1)(A).  Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive pretrial matters. *See* Fed. R. Civ. P. 72(a).  In a non-dispositive matter, a district court will reverse a magistrate judge's ruling only if the party challenging the decision can demonstrate that the determination was clearly erroneous or contrary to law.  *Id.*; *see also Castillo v. Frank*, 70 F.3d 382, 385-86 (5th Cir. 1995).  A magistrate judge's decision is clearly erroneous when, based on the entire evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395

(1948).

**B.   Plaintiff's Objections**

In light of the Court's dismissal of plaintiff's claim under the FLSA, discussed *supra*, the Court finds no compelling reason to revisit the magistrate judge's reasonable order as to Request for Production Nos. 1-5 from the City and Request for Production No. 1 from Superintendent Riley, as plaintiff's objections argue that these requests were designed to lead to the discovery of admissible evidence in furtherance of the FLSA claim.  The Court therefore affirms these rulings.

As to Requests for Production Nos. 8, 12 and 13 from the City, after considering virtually the same arguments raised by plaintiff in his objections to this Court, the magistrate judge concluded that these discovery requests are "simply not relevant or reasonably calculated to lead to the discovery of admissible information concerning plaintiff's claims" because they seek information about the work activities of defendants who are higher ranking or lower ranking than plaintiff.  (R. Doc. 77, at 5).  The Court finds no error in these rulings.

Finally, plaintiff objects to the magistrate judge's rulings as to  Requests for Production Nos. 14 and 16 from the City. Plaintiff correctly points out that the magistrate judge both sustained and overruled defendants' objection to No. 14, and did

not rule on No. 16 in his April 18, 2007 Order.  The Court therefore remands this matter to the magistrate judge for a clarification as to No. 14 and a determination as to the propriety of No. 16.

### III. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the magistrate judge's ruling as to Request for Production Nos. 1-5, 8, 12, and 13 from the City of New Orleans and Request for Production No. 1 from Police Superintendent Warren Riley.  However, the Court REMANDS this matter to the magistrate judge for a clarification as to Request for Production No. 14 from the City of New Orleans and a determination as to Request for Production No. 16 from the City of New Orleans.

New Orleans, Louisiana, this __1st__ day of June, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT